James **PEAKE**

v.

The **COUNTY OF PHILADELPHIA, PENNSYLVANIA**

and

the **Defenders Association of Philadelphia County, Pennsylvania.**

Civ. A. No. 68–518.

United States District Court
E. D. Pennsylvania.

March 5, 1968.

---

**854**

---

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of plaintiff's petition for leave to proceed in forma pauperis.

The petitioner is presently incarcerated in the State Correctional Institution at Philadelphia, Pennsylvania. He contends that the Voluntary Defenders Association, through Isaac Pepp and John Hassett, members of that organization, have refused to assist petitioner because of his race in the preparation for and institution of legal proceedings and have thereby deprived him of his civil rights within the meaning of 42 U.S.C. §§ 1983 and 1985. For this alleged deprivation of his civil rights petitioner requests that the Voluntary Defenders Association be suspended; that a preliminary injunction be issued against Attorneys Pepp and Hassett enjoining them from practice pending the disposition of this Civil Rights action; and that upon proof of petitioner's allegations a permanent injunction be issued enjoining them from further practice.

■ As a statutory prerequisite to maintaining a civil rights action under 42 U.S.C. §§ 1983 and 1985, it is essential that the defendants act "under color of" State or local law. For the defendants' action to be "under color of" State law, there must be a "[m]isuse of power, possessed by virtue of state law". Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1960); United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). The fact that Attorneys Pepp and Hassett are members of the Voluntary Defenders Association, an organization which is, in part, subsidized by the State or local governments, does not mean that any power they possess is possessed by virtue of State law. Attorneys at the bar of this State remain as they heretofore always have been "officers of the Court". But they are in no wise officers of the State of Pennsylvania, or of any governmental subdivision thereof.

■ As an officer of the Court, an attorney is a private individual acting in a professional capacity. He can do no more and has no more power than the petitioner could do or would have acting on his own. It is not the alleged deprivation of civil rights by private individuals acting in a professional capacity for which the act affords redress, but the deprivation of such rights by persons acting "under color of" State or local law. Pugliano v. Staziak, 231 F. Supp. 347 (W.D.Pa.1964), aff'd. per curiam, 345 F.2d 797 (3rd Cir., 1965). Therefore, the plaintiff's petition to proceed in forma pauperis must be denied in that his complaint does not state a claim upon which relief can be granted.