Louis **FRENCH**, Plaintiff-Appellant,

v.

William **CORRIGAN** and John Mackay

and

William V. Hopf and Edward Van De Houten, Jr., Defendants-Appellees.

No. 18173.

United States Court of Appeals, Seventh Circuit.

Aug. 20, 1970.

Louis French, pro se.

Tom L. Yates, Chicago, Ill., A. E. Botti, Asst. State's Atty., Wheaton, Ill., Anthony W. Summers, Chicago, Ill., for appellees.

Before MAJOR, Senior Circuit Judge, KILEY, Circuit Judge, and ESCHBACH, District Judge.*

MAJOR, Senior Circuit Judge.

The complaint in this case was filed by plaintiff, charging the defendants named in the caption with conspiring under Title 42 U.S.C.A. Sec. 1985(3) to violate his civil rights. Damage was sought against each defendant in the amount of $500,000. Plaintiff is in prison as the result of his conviction of armed robbery in the Circuit Court of DuPage County, Illinois. Defendant William V. Hopf is state's attorney of that county and defendant Edward Van De Houten, Jr. is his assistant, both of whom participated in the prosecution of the case both at the trial and on appeal to the Appellate Court. At the trial defendant was represented by counsel not involved in the instant action. Upon plaintiff's expressed desire to appeal his conviction, the court appointed defendants William Corrigan and John Mackay as attorneys .to represent him. Briefs were filed by the attorneys for the respective parties and the Appellate Court affirmed the conviction. People of the State of Illinois v. French, 75 Ill.App.2d 453, 220 N.E.2d 635.

On motion of Hopf and De Houten, the District Court dismissed the complaint "for failure to state a claim * * * for the reason that both are immune from suit under the Civil Rights Act." On motion of Corrigan and Mackay, the complaint was dismissed "for failure to state a claim * * * for the reason that neither acted under 'color of law.'" Plaintiff appeals *pro se,* and the case is submitted here on briefs, without oral argument.

After preliminary allegations, the complaint alleges that defendants:

"Did unlawfully Conspire with each other to ACT contrary to their legally invested authority as Attorneys, and agreed to abridge the Constitutional Rights of the Plaintiff as Guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States, To have the Full Faith and Assistance of Counsel on Criminal Proceedings and to be free from deprivations of liberty without Due Process of Law and to be free from unreasonable oppression through Equal Protection of the Laws. And thus said

---

* Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

Defendant's, agreeing to abridge these Constitutional Rights of the Plaintiff."

Obviously, this allegation is conclusory and of no aid to plaintiff absent allegations as to the acts committed by defendants in pursuance of the alleged conspiracy. Plaintiff alleges that the defendants and each of them in some manner not disclosed presented to the Appellate Court "Fraudulent Statements of Fact and Deliberate Misrepresentations of the Certified Court Records" which "Led the said Appellate Court" to arrive at erroneous conclusions from said record.

The complaint sets forth numerous instances in which it is claimed the attorneys, both for the prosecution and for the defense, led the Appellate Court astray by inducing it to make certain statements in its opinion contrary to the certified record. Without detailing all of the numerous instances alleged, we think it sufficient to set forth a few which are typical:

"(a) An Oak Brook Police Sargent was legally acting as a cohort of criminals, so as to give timely warnings of crimes about to occur.

WHEN IN FACT: The Certified Court Record of the Police Sargents Testimony showed that He was in fact a criminal and consorting with known criminals for His own personal gain.

"(b) That the Oak Brook Police arrested the Plaintiff and the alleged two hold-up men near the scene of the crime in Oak Brook.

WHEN IN FACT: The Certified Record stated that, Plaintiff was arrested alone and was not according to the persons alleged to have been held-up, involved in the hold-up at all. Nor were there any two hold-up men arrested in Oak Brook."

A further allegation of a different nature is:

"(f) That they did not ask the Appellate Court to Rule on the Propriety of the Trial Courts Rulings. WHEN IN FACT: The Certified Record shows that the Rulings of the Trial Court in Sustaining the Objections by the State's Attorney, prejudiced the Plaintiff's defense."

The complaint concludes with the general allegation that by reason of these fraudulent statements and misrepresentations to the court, it affirmed the judgment and plaintiff's civil rights were violated and he was deprived of due process and equal protection of the laws.

■ There is no contention but that the record before the Appellate Court was properly certified in accordance with law; in fact, plaintiff appears to so concede. All of the so-called overt acts alleged are that the defendants induced the Appellate Court to affirm the conviction on a misconstruction of the record. While it is alleged that false statements were made to the court, there is no allegation as to what such statements consisted of or the manner in which they were used. There is a presumption generally of the regularity of the proceedings, including a strong presumption that the Appellate Court discharged its duty and decided the case on the certified record. See Howell v. United States, 172 F.2d 213, 216 (CA–4). In our judgment, such a presumption cannot be overcome by the mere allegation that the defendants successfully committed a hoax on the court. Such a contention is so bizarre as to require a summary rejection. It constitutes a reflection not only on the integrity of the attorneys for the respective parties but also on that of the Appellate Court; in fact, it is a challenge to their intelligence. In our judgment, the complaint states no cause of action upon which relief could be granted.

In Morgan v. Sylvester, D.C., 125 F. Supp. 380, aff. 220 F.2d 758 (CA–2), cert. den. 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, a statement of the court (page 387) is worth repeating:

"This action is a clear attempt, despite plaintiff's assertion to the contrary, to obtain a review and a retrial

of the State Court proceedings. The fact that a defeated litigant is prepared to charge a 'conspiracy' recklessly or otherwise and recite in haec verba the language of the Civil Rights Act does not give a right of review in the Federal Courts. To uphold the claim here advanced upon such conclusory allegations 'would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision.'

"This case demonstrates forcibly the wisdom of the public policy which grants immunity to judicial and other officials for acts performed in the discharge of their duties. If in circumstances such as this defendants may be made to answer for their determinations, not only would the independence of the judiciary be undermined, but a ready means would be at hand to paralyze the entire judicial system."

■■ Plaintiff argues that the District Court did not dismiss the complaint on the basis that he failed to state a cause of action and that we are limited to the reasons assigned by the court for dismissal. Otherwise, he argues that he would be deprived of due process. There is no merit in this contention. This court can affirm or reverse for any reason shown by the record, whether or not it was relied upon the District Court. Even though we limit ourselves in that respect, the result would be the same.

Hopf and Van De Houten were cloaked with immunity, and neither Corrigan nor Mackay acted under "color of law," as stated by the District Court.

■ This court in Arensman v. Brown, 430 F.2d 190, in an opinion filed July 30, 1970, held that the state's attorney in that case was cloaked with immunity and in doing so cited and discussed numerous cases. We think the reasoning employed there is equally applicable here and need not be repeated. In that case we referred to Hoffman v. Halden,

268 F.2d 280 (CA–9), a case cited several times in plaintiff's brief, which appears to be his chief reliance. Based upon *Hoffman*, plaintiff appears to argue that by reason of the conspiracy charge the state's attorney and his assistant lost their immunity and that the individual defendants were acting under "color of law." In that case one of the defendants was Donald E. Wair, superintendent of a mental institution in which the plaintiff was confined. While the court reversed the dismissal of the complaint as to other defendants, it affirmed as to Wair. The court held that Wair was immune from his acts while complying with an order for Hoffman's commitment and that he did not lose that immunity by conspiracy with other officials. In doing so the court stated (page 301):

"If the official in complying with an order for a plaintiff's commitment and in performing his discretionary acts is immune regardless of his motive, then a conspiratorial motive or intent should not make him liable. By the same token, we do not think that any acts done by defendant Wair, which come within the immunity principle, can be used against the other defendants, alleged to have conspired with Wair, to prove damages to the plaintiff."

■ Just as the prosecutors did not lose their immunity by reason of the alleged conspiracy, neither were the acts of Corrigan and Mackay done under "color of law." They were appointed by the trial judge to represent plaintiff on his requested appeal. They were not functionaries of the State but were proceeding in their private capacity, acting on plaintiff's behalf.

In Jones v. Jones, 410 F.2d 365, 366 (CA–7) plaintiff appealed from an order dismissing the complaint in a civil rights action. In affirming the judgment, this court said as to individual lawyers named as defendants:

"Lawyers who are not also parties in interest and are engaged in private

litigation on behalf of clients do not act under color of state law within the meaning of 42 U.S.C. Sec. 1983. * * The state merely provides a forum for the litigants and although lawyers are considered 'officers of the court,' they are not officers of the state within the meaning of the Civil Rights Act. [Citing cases.]"

For another decision by this court perhaps even more similar on its facts to those here, in which we affirmed the dismissal of a complaint in a civil rights action, see Brown and Sarelas v. Dunne et al., 409 F.2d 341, 343.

While in both *Jones* and *Brown and Sarelas* the attorneys held to be immune were appearing in private litigation, the same result has been reached in cases where an attorney was acting in a criminal case as court-appointed counsel. Mulligan v. Schlachter, 389 F.2d 231, 233 (CA–6); Vance v. Robinson, D.C., 292 F.Supp. 786, 788.

The order appealed from is

Affirmed.