John Charles **THOMAS**, Appellant,

v.

Harry R. **HOWARD**, Esquire.

No. 71-1288.

United States Court of Appeals, Third Circuit.

Submitted Jan. 17, 1972.

Decided Feb. 9, 1972.

---

John C. Thomas, pro se.

George F. Kugler, Jr., Atty. Gen., Joseph T. Maloney, Trenton, N. J. (Stephen Skillman, Asst. Atty. Gen., Joseph T. Maloney, Deputy Atty. Gen., on the brief), for appellee.

Before ADAMS and MAX ROSEN, Circuit Judges, and STAPLETON, District Judge.

## OPINION OF THE COURT

PER CURIAM:

■ In this case, appellant, a prisoner of the State of New Jersey, is suing, under the Civil Rights Act, 42 U.S.C. § 1983 (1970), the attorney who voluntarily represented him during post-conviction proceedings, on the ground that the defendant "did not fully represent your plaintiff to the best of his ability." Although appellant demanded money damages, his brief is addressed to the legality of his conviction. However, that matter is not properly before us in this case because it was not raised or considered below. Furthermore, the complaint may not be construed as a petition for habeas corpus, because to do so here would defeat the cause of action since a private attorney would not be a proper party defendant to such action.

After hearing oral argument, the district court granted defendant's motion for summary judgment. We conclude that the district court was correct.

■■ Appellant's cause of action, if any existed, in the absence of facts indicating otherwise, accrued no later than February 28, 1968, when the attorney-client relationship between the parties terminated. Because the Civil Rights Act contains no statute of limitations, the federal court must look to the law of the state in which it sits. Hughes v. Smith, 389 F.2d 42 (3rd Cir. 1968); Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967). The New Jersey statute of limitations applicable to this case would be N.J.S.A. 2A:14–2, which prescribes a period of two years. Since appellant did not file this action until March 25, 1970, his cause of action has been outlawed by the statute of limitations.

■ Furthermore, on the facts of this case, defendant, although acting voluntarily by assignment from a pool of attorneys of the Essex County Legal Aid-Criminal Division, was performing his duties solely for appellant, to whom he owed the absolute duty of loyalty, as if he were a privately retained attorney. N.J.S.A. 2A:158A–11. Therefore, the affidavits demonstrate that defendant was not acting "under color of state law, custom or usage" within the meaning of the Civil Rights Act, see Pugliano

v. Staziak, 231 F.Supp. 347 (W.D.Pa. 1964), aff'd per curiam, 345 F.2d 797 (3rd Cir. 1965), and no triable issue of fact upon which relief may be granted remained in the case.

Accordingly, the judgment of the district court will be affirmed.