James C. WARDROP, Appellant,

v.

John J. DEAN, Assistant Public Defender, Allegheny County, Pittsburgh, Pennsylvania.

No. 71–1449.

United States Court of Appeals,
Third Circuit.

Submitted April 21, 1972.

Decided May 1, 1972.

James C. Wardrop, pro se.

Stephen I. Goldring, Pittsburgh, Pa., for appellee.

Before ADAMS, MAX ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In this action, brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, a state prisoner sued the lawyer who was appointed to represent him in a Pennsylvania Post Conviction Hearing Act appeal.

Wardrop was indicted for burglary in 1963 in the Court of Oyer and Terminer of Allegheny County. On the advice of retained counsel, Wardrop entered a guilty plea to the charges and was sentenced to a term of one to ten years. He was paroled in 1965 and re-committed as a parole violator in 1968. Shortly after he returned to jail, Wardrop filed a petition for post-conviction relief in the Pennsylvania courts. Following a hearing at which he was again represented by retained counsel, relief was denied. Wardrop filed an appeal to the Superior Court from the denial, and the court remanded the case for appointment of counsel on appeal.

The Allegheny County Public Defender's Office was designated to take the appeal—the Office's first contact of any sort with the Wardrop case. Wardrop filed a motion in the Superior Court to proceed in his own behalf and to delete the brief filed by the Public Defender as his counsel. Although it granted the *pro se* motion, the Superior Court refused to remove the brief filed by the Public Defender. The denial of post-conviction relief was subsequently affirmed by the Superior Court. Wardrop then filed a complaint in Federal Court alleging that the Defender wilfully misrepresented him on the appeal, and he now appeals to this Court from the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted.

A serious question is presented whether the Public Defender, when it under-took Wardrop's case, was acting under color of state law within the meaning of Section 1983. *See* Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972). However, even assuming arguendo that the color of law requirement was met, it seems clear that the allegations of Wardrop's complaint could not give rise to any federal relief. Wardrop did not desire the services of the Defender, and, in fact, he was permitted to file his own brief in the Superior Court. Under such circumstances, it is inconceivable that he has any federal claim against the Allegheny County Public Defender.

Accordingly, the judgment of the district court will be affirmed.