**Phillip Alfonso ESPINOZA, Plaintiff-Appellant,**

v.

**Rollie R. ROGERS, Colorado State Public Defender, et al., Defendants-Appellees.**

**No. 72-1667.**

United States Court of Appeals, Tenth Circuit.

Dec. 27, 1972.

Phillip Alfonso Espinoza, pro se.

Thomas M. Van Cleve, III, Deputy State Public Defender, has filed a memorandum in support of summary affirmance for appellees.

Before PICKETT, McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

This is a federal civil rights action brought by plaintiff Espinoza against the defendants in their capacities as attorneys for the Colorado Public Defender's Office. See 42 U.S.C. § 1983; 28 U.S.C. § 1343. Espinoza claims that he was denied due process and equal protection of the law because the defendants grossly mishandled and neglected legal matters which he had requested that they prosecute.

Specifically, Espinoza alleges numerous instances of the different defendants passing his legal work off to each other without taking any action. Further, he alleges that despite his numerous inquiries during the course of more than two years, the defendants continually delayed and procrastinated until his files were lost.

It is well settled that in order for a defendant to be liable under the federal Civil Rights Act he must have acted under color of state law to cause the denial of a federally protected right. See Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970). The Colorado office of State Public Defender derives its existence from Colorado statutes. See C.R.S. §§ 39-21-1 through 39-21-5. These statutes in no way attempt to control or otherwise influence the professional judg-

ment of a lawyer employed as a public defender. Additionally, a Colorado Public Defender's professional duties and responsibilities toward his clients are identical in all respects to any other Colorado attorney whether privately retained or court-appointed.

Therefore, we hold that an attorney does not act under color of state law simply because he has accepted employment as a Colorado Public Defender. See Thomas v. Howard, 455 F.2d 228 (3rd Cir. 1972); United States ex rel. Wood v. Blacker, 335 F.Supp. 43 (D.C N.J.1971); Peake v. County of Philadelphia, Pennsylvania, 280 F.Supp. 853 (E. D.Pa.1968).

Upon docketing, this case was assigned to the summary calendar and the parties were so notified and invited to submit memoranda addressing the merits of their respective cases. Both have so responded. After having carefully considered the record on appeal and the memorandum of each party, we are convinced that the district court correctly dismissed this cause of action.