**Plutarcho HILL, Plaintiff,**

v.

**Willis V. LEWIS and David R. Monroe, Defendants.**

**No. LR–72–C–168.**

United States District Court,
E. D. Arkansas, W. D.

July 25, 1973.

Robert M. McHenry, Jr., Little Rock, Ark., for plaintiff.

Harold L. Hall, Little Rock, Ark., for defendant Willis V. Lewis.

James R. Howard, Little Rock, Ark., for defendant David R. Monroe.

## MEMORANDUM OPINION

HENLEY, Chief Judge.

This is a suit for damages brought by Plutarcho Hill, who is presently confined in the Oklahoma State Penitentiary, against Willis V. Lewis, a member of the Bar of Little Rock, Arkansas, and David R. Monroe, a former Assistant Prosecuting Attorney of Pulaski County, Arkansas, wherein the City of Little Rock is located. Jurisdiction is predicated upon 42 U.S.C.A., section 1983, read in connection with 28 U.S.C.A., section 1343(3).

The cause is now before the Court on the separate motions of the defendants to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. When the motions were filed, the Court appointed Mr. Robert M. McHenry of the Little Rock Bar to represent plaintiff, and Mr. McHenry has filed a response to the motions contending that they are without merit and should be denied.

The Court has considered the complaint in the case and the motion papers, including memorandum briefs, and has also considered to some extent the record in the case of Hill v. State of Arkansas, E.D.Ark., Docket No. LR–71–C–109, which was a habeas corpus proceeding brought by plaintiff and heard by District Judge Garnett Thomas Eisele. That case was decided about two weeks after this one was filed. Since the Court has considered that record, the pending motions will be treated as motions for summary judgment.

This case arises out of the fact that in October 1970 plaintiff was convicted in the Circuit Court of Pulaski County, Arkansas, of the crime of armed robbery committed at a Safeway Store in the City of Little Rock. He received a sentence of twelve years imprisonment in the Arkansas Department of Correction. Defendant Monroe was the Assistant Prosecuting Attorney who represented the State at the trial of the defendant, and defendant Lewis was plaintiff's court appointed attorney.

The record in the habeas corpus case that has been mentioned includes a transcript of plaintiff's trial in the Pulaski Circuit Court. The information filed against plaintiff alleges that the crime with which he was charged was committed on or about February 12, 1968; Hill was later apprehended in New Orleans, Louisiana, where he was questioned by a

Special Agent of the Federal Bureau of Investigation and allegedly admitted that he had committed the Little Rock robbery charged in the information.

The information was filed in 1969 at which time Hill was confined in a penal institution at Brushy Mountain, Tennessee. Arkansas had placed a detainer against him, and apparently Oklahoma had also lodged a detainer with the Tennessee authorities.

Plaintiff was brought to Arkansas pursuant to an executive agreement between the Governors of Arkansas and Tennessee. Plaintiff was arraigned and pleaded not guilty. He was then returned to Tennessee to continue service of the sentence imposed on him in that State. At some stage defendant Lewis was appointed to represent plaintiff, and in correspondence between Lewis and plaintiff it developed that plaintiff desired the testimony of a fellow inmate of the Brushy Mountain institution, Jack Haas, and possibly the testimony of another witness.

The deposition of Haas could have been taken in Tennessee and read in evidence in Arkansas on behalf of petitioner. Plaintiff insists that the presence of Haas could have been obtained, and that he could have testified personally before the jury. The correctness of that contention will be discussed presently.

Plaintiff was returned to Arkansas on October 21 or October 22. At that stage he learned that he would be expected to go to trial without the benefit of the testimony of Haas or of any other defense witness. Mr. Lewis was of the opinion that petitioner should plead guilty. This the plaintiff refused to do, and animosity developed between him and Mr. Lewis. The latter desired to withdraw from the case, but the Circuit Judge declined to permit him to do so.

At the commencement of the trial Mr. Lewis asked that the case be continued apparently for the purpose of permitting Haas to be produced as a witness. A hearing was held in chambers and consisted of a colloquy between the Circuit Judge, Mr. Lewis, Mr. Monroe, and plaintiff. Mr. Lewis made some statements about his efforts on behalf of plaintiff, including his efforts to get witnesses, and he repeated his request to be relieved of his appointment. Mr. Monroe's contribution to the colloquy was a representation to the effect that the presence of Haas could not be obtained because Tennessee did not have a statute corresponding to the Arkansas version of the Uniform Rendition of Prisoners as Witnesses in Criminal Proceedings Act, Ark.Stats., Ann., section 43–2025 et seq.

While plaintiff participated in the hearing in chambers, he did not state what he expected the testimony of Haas to be, and, perhaps strangely, he was never asked by his own lawyer, the Circuit Judge, or Deputy Prosecuting Attorney Monroe what he expected to prove by Haas.

The motion for a continuance having been denied, plaintiff's jury trial began. An employee of the Safeway Store identified plaintiff as the person who had robbed the store of some $1,900. The FBI Agent who had questioned plaintiff in New Orleans was permitted to testify before the jury as to the voluntariness and content of plaintiff's statement. Plaintiff testified in his own behalf and denied his guilt.

Following his conviction plaintiff was returned to Tennessee to resume service of his sentence there. He obtained the services of other counsel and appealed from his Circuit Court conviction to the Supreme Court of Arkansas. The judgment of the Circuit Court was affirmed. Hill v. State, 1971, 250 Ark. 812, 467 S.W.2d 179.

Plaintiff's appellate counsel advanced three contentions in the Arkansas Supreme Court, namely: (1) That the Circuit Court erred in permitting the FBI Agent to testify in the presence of the jury as to the voluntariness of plaintiff's incriminating statement; (2) That the statement was in fact involuntary, and that the Circuit Court erred in permitting the Agent to testify as to the contents of it; (3) That the Circuit

Court had erred in overruling the motion for a continuance.

With respect to the first contention the Supreme Court held that if error had been committed when the Circuit Court did not hold an in camera hearing as to the voluntariness of the confession, the error had been waived by the failure of defense counsel to request such a hearing or to object to the hearing being conducted in the presence of the jury. As to the second contention, the Supreme Court stated that no error had been committed. And as to the third contention, the Court said that plaintiff had made no offer of proof as to the nature of the expected testimony of Haas, and that in the absence of such an offer it could not be said that the Circuit Court had abused its discretion in refusing the requested continuance.

After the rendition of the decision of the Arkansas Supreme Court, plaintiff filed his habeas corpus petition in this Court. Counsel was appointed to represent petitioner, and an evidentiary hearing was held. Judge Eisele heard the testimony of plaintiff, Haas, and Lewis. The testimony of Haas was to the effect that plaintiff had had nothing to do with the robbery. Lewis testified that plaintiff had told him that he was guilty, but that he could secure the perjured testimony of a long term inmate, presumably Haas, who would take the blame for the crime; Lewis further testified that he would have nothing to do with plaintiff's proposal, that he urged plaintiff to plead guilty, and that when plaintiff refused to plead guilty, he tried unsuccessfully to withdraw from the case.

Judge Eisele dealt with the contentions of the parties in a full but unpublished opinion. He did not resolve the credibility questions presented by the record before him. He did find from the record as a whole that petitioner had been denied due process of law, and he set aside plaintiff's conviction with leave granted to the State to retry plaintiff within a reasonable time if it cared to do so.

As stated, this suit was filed about two weeks before Judge Eisele decided the habeas corpus case. At some stage either before or after this suit was filed plaintiff completed service of his Tennessee sentence and was transferred to the Oklahoma State Penitentiary. As far as the record shows, Arkansas has made no effort to bring plaintiff to trial again; whether Arkansas has placed a detainer against plaintiff with the Oklahoma authorities the Court does not know.

Turning now to the complaint herein, it must be borne in mind that for purposes of the pending motions the case must be viewed in the light most favorable to plaintiff, and the factual allegations of the complaint must be accepted as true.

The complaint alleges that plaintiff could have received a fair trial in the Circuit Court if Mr. Lewis had been diligent in his trial preparation; that prior to the trial Lewis advised plaintiff that his witness or witnesses would be present; but that on October 23, 1970, or shortly prior thereto, Lewis told plaintiff that he had no defense and should plead guilty which plaintiff refused to do.

It is further alleged that in the course of the hearing held in connection with the motion for a continuance Lewis falsely stated that he had tried unsuccessfully to subpoena Haas. It is charged that the defendant Monroe verified the statements of Lewis and stated that Tennessee law would not permit the production of Haas. And it is said that "This was all done in an attempt to get plaintiff to plead guilty."

Going further, plaintiff specifically alleges that Lewis did not attempt to take the deposition of Haas, as might have been done. It is further alleged that Lewis was guilty not only of inadequate trial representation but also of malpractice; and it is alleged that Monroe was guilty of obstructing justice.

It is alleged that the asserted violations by the defendants of federally protected rights of plaintiff resulted in his

unlawful conviction in the Circuit Court, and that both Monroe and Lewis are liable to plaintiff in damages as provided by 42 U.S.C.A., section 1983.

Plaintiff seeks an award of $75,000 from each of the defendants. It should perhaps be pointed out, however, that plaintiff has never served a day of the twelve year sentence imposed on him by the Circuit Court, which sentence was set aside by Judge Eisele before service of it began.

In support of their motions both defendants contend that they are entitled to the benefit of quasi-judicial immunity. Monroe points out that he was prosecuting plaintiff in Monroe's official capacity as a Deputy Prosecuting Attorney, and Lewis points out that he was representing the defendant as a court appointed attorney.

In his response to the motions to dismiss counsel for plaintiff argues that the absolute immunity which the law extends to judges engaged in the performance of their official duties and which has been extended to other official performing quasi-judicial duties should be narrowly circumscribed in the context of a section 1983 suit, and he argues in particular that in no event should such immunity be extended to Mr. Lewis. Counsel cites the opinion of Senior Circuit Judge (formerly Chief Circuit Judge) Sobeloff in the recent case of McCray v. Maryland, 4 Cir., 1972, 456 F.2d 1, and the opinion of District Judge Garth in United States ex rel. Wood v. Blacker, D.C.N.J., 1971, 335 F. Supp. 43.

Defendant Monroe cites a large number of cases in which quasi-judicial immunity has been extended to Prosecuting Attorneys and their Deputies who have acted within the powers conferred on them by law. Defendant Lewis cites the recent case of Brown v. Joseph, 3 Cir., 1972, 463 F.2d 1046, as holding that the immunity in question extends to trial attorneys employed to defend indigents by a State Public Defender's Office, and urges that the reasoning of that case extends to attorneys appointed to represent indigents accused of crime.

The rule in this Circuit is that the absolute immunity from tort liability enjoyed by judges in the exercise of their judicial functions, which immunity extends to lesser court officials such as prosecuting attorneys and their deputies while acting within the scope of their jurisdiction, has not been eliminated by section 1983, and is available as a defense in an action based on that statute. Wilhelm v. Turner, 8 Cir., 1970, 431 F. 2d 177; Rhodes v. Meyer, 8 Cir., 1964, 334 F.2d 709, aff'd D.C.Neb., 1963, 225 F.Supp. 80; Tate v. Arnold, 8 Cir., 1955, 223 F.2d 782. See also Thompson v. Baker, W.D.Ark., 1955, 133 F.Supp. 247.

As to the claim against Deputy Prosecuting Attorney Monroe it is certainly by no means clear that he made any misstatement to the Circuit Judge about the availability or nonavailability of Haas. The Court has examined relevant statutes of both Arkansas and Tennessee and finds that two Uniform Acts are involved. The first is the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases. Ark.Stats., Ann., § 43–2005 et seq. The second is the Uniform Rendition of Prisoners as Witnesses in Criminal Proceedings Act, which has been mentioned. The first of those Acts has been in force for many years in both Arkansas and Tennessee. The Tennessee version appears as Tenn.Code, Ann., section 40–2429 et seq. However, it does not appear that Tennessee has ever adopted the second Act, and it may seriously be doubted whether the first Act applies to convicts.

But, even if Mr. Monroe did misstate the law of Tennessee, he did so in his official capacity and at the commencement of a regular criminal trial of plaintiff in which Monroe was representing the State. The Court finds, therefore, that Monroe is entitled to claim immunity, and that the complaint against him must be dismissed.

The Court also concludes that the complaint against Lewis must be dismissed but not on the ground of any quasi-judicial immunity, since it appears

to be well established that a private attorney representing a defendant in a criminal case, whether by employment or by appointment of the Court, is not a State functionary, and that his actions are not State actions so as to bring him within the reach of section 1983, which was not designed to provide a federal forum for the redress of purely private wrongs. Nelson v. Stratton, 5 Cir., 1972, 469 F.2d 1155; Szijarto v. Legeman, 9 Cir., 1972, 466 F.2d 864; Brown v. Joseph, supra; Thomas v. Howard, 3 Cir., 1972, 455 F.2d 228; United States ex rel. Wood v. Blacker, D.C.N.J., supra; See also the opinion of Judge Delehant in Rhodes v. Meyer, D.C.Neb., 1963, 225 F.Supp. 80.

It follows that both motions will be granted, and the complaint will be dismissed in its entirety. However, the dismissal as to Mr. Lewis will be without prejudice to the right of plaintiff to proceed against Lewis at common law and in an appropriate forum for malpractice, if plaintiff cares to do so.