**Benny D. BERRYMAN, Plaintiff,**

**v.**

**Elaine SHUSTER (sic) and James Neal, Defendants.**

**Civ. No. 75–0834–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Nov. 21, 1975.

Benny D. Berryman, pro se.

James Neal, pro se.

Curtis P. Harris, Oklahoma City, Okl., for Elaine Shuster.

## ORDER

DAUGHERTY, Chief Judge.

In this pro se civil rights action Plaintiff alleges that he is a convicted felon; that he received a deferred sentence in a 1973 McClain County, Oklahoma criminal action; that subsequently criminal charges in Oklahoma County, Oklahoma were filed against him; that Defendant Elaine Schuster was prosecuting attorney in the Oklahoma County action; that Defendant James Neal, Public Defender, was his defense counsel in the Oklahoma County action; that Schuster

represented to him that if he entered a guilty plea in the Oklahoma County action the McClain County deferred sentence would not be revoked; that this representation was confirmed by Defendant Neal; that he entered a guilty plea in the Oklahoma County action; and that the McClain County deferred sentence was thereafter revoked.

Plaintiff alleges jurisdiction under 42 U.S.C. § 1982 and 28 U.S.C. § 1343(4). Plaintiff also mentions 18 U.S.C. § 3006A. 42 U.S.C. § 1982 has no application to the alleged facts as it pertains to the right to own property. 18 U.S.C. § 3006A has no application as it involves the representation by counsel of criminal defendants in actions brought in United States District Courts. Defendants have each filed herein Motions to Dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.[1] Rule 12(b)(6), Federal Rules of Civil Procedure. Defendants' Motions are made under the presumption that Plaintiff intended to proceed under 42 U.S.C. § 1983. In his Response to Defendants' Motions Plaintiff states that he did not intend to rely on 42 U.S.C. § 1983 but that he relies on 42 U.S.C. §§ 1981 and 1982. Rule 8(a), Federal Rules of Civil Procedure, requires a short plain statement of the grounds upon which the Court's jurisdiction depends. If the Plaintiff is held to 42 U.S.C. §§ 1981 and 1982 for his jurisdictional statement, the Court has no difficulty in determining that Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted should be sustained. 42 U.S.C. §§ 1981 and 1982 simply have no application to the facts alleged by the Plaintiff. However, the Court will give the Plaintiff the benefit of the doubt as he is a pro se litigant and as Motions to Dismiss for failure to state a claim upon which relief can be granted are not favored.

■ Of the various civil rights statutes 42 U.S.C. § 1983 would appear to have the clearest application to the alleged facts. 42 U.S.C. § 1983 reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress."

With regard to Defendant Schuster Plaintiff has failed to state a claim upon which relief can be granted. The prosecuting attorney is a judicial officer and when performing official duties enjoys the same immunity from liability for damages that protects a judge who acts within his jurisdiction over parties and litigation. *Kostal v. Stoner*, 292 F.2d 492 (Tenth Cir. 1961); *Apton v. Wilson*, 506 F.2d 83 (C.A.D.C.1974); *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (Ninth Cir. 1974). In this case the allegations of the Complaint show that Defendant Schuster was acting within her capacity as prosecuting attorney when the acts complained of occurred. Accordingly, she is immune from Plaintiff's action under 42 U.S.C. § 1983 and the same should therefore be dismissed as to Defendant Schuster.

■ The thrust of Defendant Neal's Motion to Dismiss is that he was not acting under color of state law when the acts complained of occurred. 42 U.S.C.

---

1. For purposes of a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted the allegations of the Complaint are taken as true. *California Transport v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). The allegations of the Complaint are construed favorably to the pleader, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). And the Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

§ 1983 on its face requires action under color of state law as a prerequisite to its applicability. The Court of Appeals for our Circuit has held that an attorney did not act under color of state law because he had accepted employment as a Colorado Public Defender. *Espinoza v. Rogers*, 470 F.2d 1174 (Tenth Cir. 1972). This rationale should apply equally to an Oklahoma Public Defender as it appears that under the Oklahoma Statutes the Public Defender is to exercise independent judgment. See 19 Oklahoma Statutes § 138.1 et seq. and *Hill v. State*, 407 P.2d 208 (Okl.1965). See also *Thomas v. Howard*, 455 F.2d 228 (Third Cir. 1972). Therefore, Plaintiff's action against Defendant Neal should be dismissed.

Accordingly, the pending Motions to Dismiss should be granted and Plaintiff's Complaint should be dismissed.