Russell Richard DODSON, Plaintiff,

v.

POLK COUNTY; Polk County Board of Supervisors; Polk County Offender Advocate and Martha Shepard, Individually and through her official capacity as an agent or assistant for Polk County, Defendants.

Civ. No. 79–507–B.

United States District Court,
S. D. Iowa, C. D.

Nov. 5, 1979.

As Amended on Denial of Reconsideration
Nov. 20, 1979.

Russell Richard Dodson, pro se.

## ORDER OF DISMISSAL

VIETOR, District Judge.

The Court has before it for initial review a pro se complaint submitted by plaintiff, an inmate of the Iowa Men's Reformatory at Anamosa, Iowa. The complaint is brought under 42 U.S.C. § 1983, and jurisdiction is predicated upon 28 U.S.C. § 1343. Plaintiff has submitted an affidavit of indigence and a request for leave to proceed in forma pauperis.

The events giving rise to this action arose out of plaintiff's conviction for robbery in the Iowa District Court. Following his conviction, defendant Martha Shepard, an attorney in the office of the Polk County Offender Advocate, was appointed to represent plaintiff on appeal. Subsequently, Ms. Shepard moved for permission to withdraw as counsel and to have the appeal dismissed as frivolous pursuant to Iowa R.App.P. 104.[1]

Plaintiff contends that Ms. Shepard's actions deprived him of his right to counsel, inflicted on him cruel and unusual punishment, and arbitrarily denied him his state-created right to appeal in violation of the due process clause of the Fourteenth Amendment. In addition, plaintiff presents pendent jurisdiction claims for malpractice and breach of oral contract. Plaintiff requests damages and release from confinement.

The claim for release from confinement is treated as a request for habeas corpus relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Because plaintiff has not exhausted his state remedies by seeking post-conviction relief under Iowa Code Chapter 663A, as required by 28 U.S.C. § 2254(b) and (c), the Court will not now take cognizance of his claim for release.

Relief under 42 U.S.C. § 1983 is available only if the action of the defendant or defendants was "under color of" state law. This requirement is an essential jurisdictional predicate. *Robinson v. Bergstrom*, 579 F.2d 401, 404 (7th Cir. 1978).

"Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). This definition has repeatedly been reaffirmed. *Monroe v. Pape*, 365 U.S. 167, 183–87, 81 S.Ct. 473, 481–484, 5 L.Ed.2d 492 (1961); *Williams v. United States*, 341 U.S. 97, 99, 71 S.Ct. 576, 578, 95 L.Ed. 774 (1951); *Screws v. United States*, 325 U.S. 91, 108–113, 65 S.Ct. 1031, 1038–1041, 89 L.Ed. 1495 (1945).

Many federal courts, including the United States Court of Appeals for the Eighth Circuit, have held that a privately practicing lawyer appointed by the court to represent an indigent defendant in a criminal case does not act "under color of" state law in representing the defendant. *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976); *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974); *Barnes v. Dorsey*, 480 F.2d 1057, 1060–61 (8th Cir. 1973); *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972); *Lefcourt v. Legal Aid Society*, 445 F.2d 1150 (2d Cir. 1970); *French v. Corrigan*, 432 F.2d 1211 (7th Cir.

---

1. Iowa Rule of Appellate Procedure 104 provides for dismissal of appeals found by the Supreme Court to be "wholly frivolous."

On November 9, 1979, four days after this order of dismissal was filed, the Iowa Supreme

Court granted the motion and dismissed plaintiff's appeal. (Nov. 20, 1979, amendment to order of dismissal.)

1970); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968). Indeed, no case to the contrary can be found.

The weight of authority holds that a lawyer in a public defender's office [2] appointed by the court to represent an indigent defendant in a criminal case also does not act "under color of" state law in representing the defendant. *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1978); *Espinoza v. Rogers*, 470 F.2d 1174 (10th Cir. 1972); *Clark v. Brandom*, 415 F.Supp. 883 (W.D.Mo.1976); *Berryman v. Shuster*, 405 F.Supp. 1346 (W.D.Okl.1975); *United States ex rel. Wood v. Blacker*, 335 F.Supp. 43 (D.N.J.1971). *Cf. Peake v. County of Philadelphia*, 280 F.Supp. 853 (E.D.Pa.1968). The only case found to the contrary is *Robinson v. Bergstrom*, 579 F.2d 401 (7th Cir. 1978). In *Robinson* the issue is thoroughly analyzed, and the Court reaches its result by concluding that the Public Defender was "an instrumentality of the state" and that defendant Bergstrom, a part-time Assistant Public Defender, "acted on behalf of a state instrumentality" in representing plaintiff as his court-appointed counsel in a criminal case. *Id.* at 407–08.

I respectfully disagree with the Seventh Circuit's conclusion in *Robinson* that a lawyer in a public defender office acts on behalf of the public defender in representing a defendant in a criminal case. He acts only on behalf of his client, the defendant. His "professional duties and responsibilities toward his clients are identical in all respects to any other * * * attorney whether privately retained or court-appointed." *Espinoza v. Rogers, supra*, 470 F.2d at 1175.

The following language from *Sanchez v. Murphy*, 385 F.Supp. 1362 (D.Nev.1974), a diversity legal malpractice case against a Public Defender and Deputy Public Defender based on alleged malpractice of the Deputy, is instructive:

The office of public defender is *sui generis*. Unlike other public offices, it is not established to serve the public generally. Such offices have been created in implementation of the obligations created by the Sixth and Fourteenth Amendments to the United States Constitution, to the end that every person charged with crime shall have an opportunity to be represented by counsel and to receive a fair trial. Recipients of the services of a public defender's office are only those indigents in whose aid a court or magistrate appoints a public defender to render legal advice and assistance. As noted, the relationship thus created is a strictly professional one. It is a personal relationship of trust and confidence governed by the canons of professional ethics under which the attorney owes an obligation of unswerving loyalty and devotion to the interests of his client.

True, the Nevada statutes (fn. 1) create only the office of public defender. True, the courts normally appoint "the public defender" to represent a defendant. The public defender appoints deputies and assigns a case to a deputy. If the nomenclature "deputy" is conclusive, the public defender is responsible for the deputy's malpractice. We think the name designation is not conclusive. The personal attorney-client relationship established between a deputy and a defendant is not one that the public defender can control. The canons of professional ethics require that the deputy be "his own man" irrespective of advice or pressures from others. A deputy public defender cannot in any realistic sense, in fulfillment of his professional responsibilities, be a servant of the public defender. He is, himself, an independent officer.

*Id.* at 1365.

In *United States ex rel. Wood v. Blacker, supra*, the court noted that the state's pub-

**2.** The Polk County Offender Advocate does not exist under the authority of Iowa Code Chapter 336A, which authorizes counties to establish the office of Public Defender. The Offender Advocate is the independent creation of the Polk County Board of Supervisors. It or one of its lawyers is appointed by the court to represent indigent defendants. It has a salaried lawyer director and several full time salaried lawyers. It is fully funded by Polk County. The Court takes judicial notice of the facts set forth in this footnote.

lic defender act did not clothe public defender lawyers with a "power" that they did not already possess, and that public defender lawyers were empowered to represent criminal defendants by virtue of being licensed to practice law. The court added: "Moreover, though remunerated by the State of New Jersey, these public defenders were neither servants nor representatives of the State, nor were they controlled by the State." 335 F.Supp. at 47. *See Peake v. County of Philadelphia, supra,* 280 F.Supp. at 854.

Establishing a public defender office is merely a *means* of administering the state's obligation to provide counsel to indigent defendants in criminal cases. Another means is appointment of privately practicing lawyers. The *nature* of the representation of an indigent defendant by a public defender is identical to the nature of the representation of an indigent defendant by a court-appointed privately practicing lawyer. In neither case is the power allegedly misused "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," which is the *Classic* case definition of action taken "under color of" state law.

The actions of defendants Shepard and the Polk County Offender Advocate were not "under color of" state law, and therefore plaintiff has failed to state a claim against those defendants cognizable under 42 U.S.C. § 1983.

Plaintiff has also failed to state a cognizable claim against Polk County and its Board of Supervisors. Assuming, but not deciding, that the Board of Supervisors is a "person" within the meaning of section 1983, plaintiff has not alleged the requisite personal involvement necessary to impose liability under this statute. *See Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1972). The doctrine of respondeat superior is not recognized in actions brought pursuant to 42 U.S.C. § 1983. *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The claim against Polk County is likewise

based upon the theory of respondeat superior and therefore is not cognizable under section 1983. Local governments are liable under section 1983 only if the alleged constitutional deprivations occurred pursuant to the execution of its policies or custom. *Id.* at 694, 98 S.Ct. at 2037.

Because plaintiff's section 1983 claims are not cognizable, his pendent jurisdiction claims must also be dismissed. *Kurz v. State of Michigan,* 548 F.2d 172, 175 (6th Cir. 1977).

IT IS ORDERED that plaintiff's complaint be filed without prepayment of costs for the purpose of making a record.

IT IS FURTHER ORDERED that the above-entitled action be, and hereby is, dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).