817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WALKER, Jr., Plaintiff-Appellant,
v.
Elmer HUME, et al., Defendants-Appellees.
 No. 86-5960.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1987.
 
 1
 Before MARTIN and MILBURN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Plaintiff appeals from the district court's order denying him in forma pauperis status to file his complaint for a writ of coram nobis and damages under 42 U.S.C. Sec.Sec. 1983, 1985. Plaintiff alleged that his conviction for manslaughter was the result of a conspiracy between his retained counsel, the prosecuting attorney, the judge, and the captain at the Jefferson County jail. The matter has been referred to a panel of the court pursuant to Rule 9 (a) , Rules of the Sixth Circuit. Upon examination of the certified record and plaintiff's informal brief, the panel agrees unanimously that oral argument is not needed. Rule 9 (b), Rules of the Sixth Circuit.
 
 
 3
 Upon consideration, this court finds that the district court's order must be affirmed because based on plaintiff's own averments of financial resources, he is not entitled to proceed in this action as a pauper. Moreover, the district court properly refused to allow plaintiff to file this action as a pauper because the matter is frivolous. Plaintiff cannot recover against the state officials in this action under section 1983 due to their immunity from liability. Stump v. Sparkman, 435 U.S. 349 (1978); Imbler v. Pachtman, 424 U.S. 409 (1976); Pierson v. Ray, 386 U.S. 547 (1967) . Similarly, plaintiff cannot recover against his retained counsel under section 1983 because private counsel do not act under color of state law and because plaintiff failed to allege any facts to substantiate his claim of conspiracy between the state defendants and his retained counsel. McCord v. Bailey, 636 F.2d 606 (D.C. Cir. 1980), cert. denied, 451 U.S. 983 (1981); French v. Corrigan, 432 F.2d 1211 (7th Cir. 1970), cert. denied, 401 U.S. 915 (1971). Finally, plaintiff cannot recover against any of the defendants under section 1985 because he failed to allege that there was any racial or otherwise class-based, invidiously discriminatory animus behind the alleged conspirators' actions. See Griffin v. Breckenridge, 403 U.S. 88 (1970).
 
 
 4
 It is therefore ORDERED that the district court's order be and hereby is affirmed. Rule 9 (b) (5), Rules of the Sixth Circuit.
 
 
 
 *The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation.