**Otis Joe TATE**

v.

**Albert GROSE, No. 908, et al.**

**Civ. A. No. 73–1080.**

United States District Court,
E. D. Pennsylvania.

May 3, 1976.

Alan Sacks, Indigent Prisoner Litigation Program, University of Pa., Philadelphia, Pa., for plaintiff.

Judith Dean, Philadelphia, Pa., for defendants Specter, Stevens, Randell & D'Ambriso.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff filed this action under 42 U.S.C. §§ 1983–85 in 1973. The *pro se* complaint alleges that defendants, the police department of Philadelphia, one police officer, one magistrate of the Municipal Court of Philadelphia, the Philadelphia district attorney's office, and four members of that office conspired to deprive and did deprive plaintiff of his constitutional rights by obtaining and issuing an arrest warrant for plaintiff without probable cause, by maliciously prosecuting a murder indictment against plaintiff, and by soliciting and knowingly using perjured testimony against plaintiff. Plaintiff was acquitted of the murder charge after confinement in prison for seven months.

We granted plaintiff leave to proceed *in forma pauperis* as to the police officer and the members of the district attorney's office but denied leave as to the police department, the magistrate, and the district attorney's office. Plaintiff appealed from our denial of leave to proceed *in forma pauperis* as to the magistrate. The court of appeals dismissed the appeal for want of timely prosecution.

The four members of the district attorney's office have moved to dismiss the action[1] asserting that they are immune from suits for damages under the Civil Rights Act for actions undertaken in their official capacity. We shall grant the motion.

---

1. The defendant police officer, Albert Grose, has not filed any motion.

488

In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.,* 424 U.S. at 431, 96 S.Ct. at 995, 47 L.Ed.2d at 143, 44 U.S.L.W. at 4257. In that case, the plaintiff alleged that the prosecutor had knowingly used perjured testimony in securing his conviction. The Court acknowledged that a rule of absolute prosecutorial immunity would "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Id.,* 424 U.S. at 427, 96 S.Ct. at 993, 47 L.Ed.2d at 141, 44 U.S.L.W. at 4256. Nonetheless, the Court concluded that "the broader public interest" was better served by immunity which would promote "the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." *Id.*

■ We see nothing in the allegations of this complaint to take the present case outside the scope of the *Imbler* rule. The complaint alleges impropriety in prosecuting the murder charge against plaintiff before the grand jury and at trial. The Supreme Court has held that the decision to present a case to a grand jury is within the prosecutor's role as advocate, *Imbler, supra* 424 U.S. at 431, 96 S.Ct. at 995, 47 L.Ed.2d at 143, 44 U.S.L.W. at n.33. This decision requires absolute immunity no less than the presentation of evidence at trial.

■ Similarly, there is no reason to depart from a rule of absolute prosecutorial immunity merely because the complaint alleges that defendants not only uséd perjured testimony against plaintiff but *solicited* that perjured testimony as well. To allow such an allegation to defeat the prosecutor's immunity would vitiate the *Imbler* holding. Anyone against whom perjured testimony was used could then force the

prosecutor to court in a civil damage action simply by reframing the claim to allege that the perjured testimony was solicited.

We will grant defendants' motion to dismiss.