James BROWN, Plaintiff-Appellant,

v.

Steven SCHIFF, Defendant-Appellee.

Granville ROBERTS, Jr.,
Petitioner-Appellant,

v.

James J. WELDON,
Respondent-Appellee.

Nos. 79–1620, 79–1899.

United States Court of Appeals,
Tenth Circuit.

Submitted Dec. 13, 1979.

Decided Jan. 14, 1980.

---

238

James Brown, pro se.

Before SETH, Chief Judge, PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate records, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). These causes are therefore ordered submitted without oral argument.

These are appeals from judgments of the district court which dismissed appellants'

civil rights actions brought pursuant to 42 U.S.C. § 1983. Because of the common issues presented, the cases will be considered and decided together.

*79–1620, Brown v. Schiff*

Appellant Brown is presently incarcerated in the New Mexico State Penitentiary as a result of a state conviction. In the district court, appellant maintained that the court appointed trial attorney forced him to testify against himself without advising him of his Fifth Amendment right to remain silent, failed to object to an all white jury selection (appellant being black), and declined to appeal his case, all in violation of his constitutional rights. The trial attorney was the only named defendant.

*79–1899, Roberts v. Weldon*

Appellant Roberts is also incarcerated in the New Mexico State Penitentiary. Appellant alleged in district court that the court appointed attorney, apparently a public defender employed by the State of New Mexico, violated his constitutional rights by not adequately preparing the case, refusing to interview appellant's witnesses, and refusing to appeal the case. The trial attorney was the only named defendant.

The district court dismissed both actions for lack of jurisdiction.

In civil rights actions under § 1983, the courts have consistently denied recovery against court appointed defense counsel including public defenders. Some decisions have held that court appointed attorneys enjoy absolute immunity in suits of this nature. *Miller v. Barilla*, 549 F.2d 648 (9th Cir. 1977); *Minns v. Paul*, 542 F.2d 899 (4th Cir. 1976), *cert. denied*, 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977); *Brown v. Joseph*, 463 F.2d 1046 (3rd Cir. 1972), *cert. denied*, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973); *Robinson v. Bergstrom*, 579 F.2d 401 (7th Cir. 1978).

Other courts have held that court appointed defense counsel do not act under color of state law. *Page v. Sharpe*, 487 F.2d 567 (1st Cir. 1973); *Thomas v. Howard*, 455 F.2d 228 (3rd Cir. 1972); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259

(5th Cir. 1976); *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968); *French v. Corrigan*, 432 F.2d 1211 (7th Cir. 1970), *cert. denied*, 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); *Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974). In *Espinoza v. Rogers*, 470 F.2d 1174 (10th Cir. 1972), we held that an attorney does not act under color of state law simply because he has accepted employment as a public defender.

The situation here is quite different from *Ferri v. Ackerman*, —— U.S. ——, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979). The Court there held that attorneys appointed under the Criminal Justice Act to represent indigent defendants in federal criminal trials do not enjoy absolute immunity from tort liability when sued for malpractice in a state court. The rule was specifically limited to immunity in malpractice actions. *Ferri, supra*, n. 22.

These cases both question the jurisdiction of a district court to consider what in essence are legal malpractice suits brought under § 1983. Viewed in this context, the rationale of *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) is analogous and persuasive. In *Estelle* the Supreme Court recognized the difference between tort claims and constitutional claims arising out of the delivery of professional services. The Court distinguished acts which at most are medical malpractice claims and those which may rise to the level of a violation of the constitutional prohibition against cruel and unusual punishment.

Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

*Id.* at 106, 97 S.Ct. at 292.

Following *Estelle* we have held that where a prisoner has received medical care, *a mere difference of opinion* as to treatment or diagnosis between the prisoner and the medical personnel of the prison is not a constitutional violation cognizable under § 1983. *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976).

Similarly none of the alleged conduct by court appointed defense counsel in these cases is so egregious as to be violative of the Sixth Amendment right to counsel. Claims of legal malpractice do not achieve constitutional status solely by virtue of a claimant's status as a defendant in a criminal proceeding. At most, appellants' allegations sound in tort and a more proper forum could be provided in state court. We need not decide and do not reach the issue of whether defense attorneys are immune from suit under § 1983.

The judgments of the district court are affirmed. The mandates shall issue forthwith.