**Daniel M. GROFF**

v.

**Judge D. Richard ECKMAN, J. Russell Ober, Dorothy Ann Tompkins, William C. Crosswell, Esq., Theodore S. Danforth, Ronald L. Buckwalter, Esq.**

Civ. A. No. 81–2721.

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1981.

Daniel M. Groff, pro se.

Howland Abramson, Philadelphia, Pa., for Judge Eckman.

Benjamin E. Zuckerman, Philadelphia, Pa., for Ober and Tompkins.

Peter Samson, Philadelphia, Pa., for Crosswell and Buckwalter.

Joseph P. Green, Philadelphia, Pa., for Danforth.

## MEMORANDUM

TROUTMAN, District Judge.

Invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1331 and seeking relief for alleged violations of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1985, plaintiff claiming "loss of time and wages ... anguish and belittlement" seeks recovery from Judge D. Richard Eckman of the Lancaster County, Pennsylvania, Court of Common Pleas; Ronald L. Buckwalter, the district attorney; Theodore S. Danforth, a public defender; William C. Crosswell, J. Russell Ober and Dorothy Ann Tompkins, respectively the solicitor, supervisor and zoning enforcement officer of Elizabeth Township, Pennsylvania. Plaintiff complains that defendants conspired to and actually did illegally search his property. This led to his criminal conviction on unspecified charges. Additionally, plaintiff inveighs against an Elizabeth Township zoning ordinance which he contends is unconstitutional in that it discriminates against poor landowners and tenants and further that this bias is incorporated into the Lancaster County court system. Finally, plaintiff seeks fifty thousand dollars from each of the defendants' personal assets on both counts.

All defendants move to dismiss asserting various immunities while some alternatively move for a more specific statement. In addressing these motions we are mindful of the requirement that *pro se* petitions be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Perkins v. Wagner*, 513 F.Supp. 904 (E.D.Pa.1981).

Defendant Eckman properly asserts that *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), immunizes his judicial conduct from suit under Section 1983 where there is no allegation to indicate that he acted in any way inconsistent with his judicial authority or jurisdiction. *See also Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Dudley v. Beans*, No. 81–1769 (E.D.Pa. October 1, 1981). Hence, the complaint as it is presently framed does not state a claim against defendant Eckman.

Defendant Buckwalter, named in plaintiff's complaint as a Lancaster County

district attorney, asserts that he is, in fact, a judge in that county and cloaked with judicial immunity. However, for present purposes we assume the veracity of plaintiff's allegations, *Walker Process Equipment Co. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), and analyze the claims against him as if he were a prosecutor. The allegations against him and defendant Attorney Crosswell appear to assert that they merely "caused to issue a search warrant and a search of plaintiff's property". This complained-of conduct is no more than "initiating a prosecution and presenting the state's case [which is] immune from civil suit for damages under Section 1983". *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Accordingly, assuming that defendant Buckwalter is a prosecutor and not a judge, his actions and those of defendant Crosswell are immune from suit under Section 1983 and will be dismissed. *Tate v. Grose*, 412 F.Supp. 487 (E.D.Pa.1976).

■ Defendants Ober and Tompkins move to dismiss the claims lodged against them personally and in their official capacities for lack of specificity in pleading and lack of jurisdiction. They properly assert that the Third Circuit requires civil rights litigants to plead facts with specificity. *Rotolo v. Borough of Charleroi*, 532 F.2d 920 (3d Cir. 1976) (per curiam); *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978); *Shoemaker v. Allender*, 520 F.Supp. 266 (E.D.Pa.1981). Moreover, these defendants assert that plaintiff's failure to do so deprives this Court of jurisdiction. However, the case upon which they rely for this proposition, *Burton v. Peartree*, 326 F.Supp. 755 (E.D.Pa.1971), antedates *Haines v. Kerner, supra,* which authorizes broad construction of *pro se* complaints. In fact, the *Burton* court dismissed the *pro se* complaint for failure to comply with Fed.R.Civ.P. 8 which requires a "short and plain showing that the pleader is entitled to relief". We have recently held that "the remedy for a vague complaint is not a motion to dismiss . . . but rather for a more particular statement of the claim". *Beascoechea v. Sver-*

*drup & Parcel & Associates,* 486 F.Supp. 169, 174, n. 5 (E.D.Pa.1980). Since we cannot say at this juncture that it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), we will deny the motions of Ober and Tompkins to dismiss for failure to plead sufficient facts.

■ These same defendants, Ober and Tompkins, argue that plaintiff fails to state a claim upon which relief can be granted. Specifically, they argue that their good faith conduct as township supervisors is immunized from suit under applicable civil rights statutes. *See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). There, the court held that members of an interstate planning commission created by compact between two states and authorized to adopt land-use ordinances, were *personally* immune from liability under applicable Federal Civil Rights legislation. *Id.* at 405–06, 99 S.Ct. at 1179–1180. Accordingly, to the extent that plaintiff seeks to recover damages personally from defendants Ober and Tompkins, the complaint will be dismissed.

Defendants Ober and Tompkins are not cloaked with good faith Section 1983 immunity for their official acts. *Owen v. City of Independence*, 445 U.S. 622, 649, 100 S.Ct. 1398, 1414, 63 L.Ed.2d 673 (1980). Defendants attempt to distinguish *Owen*, however, and argue that in discussing the historic distinction between a municipality's "governmental" and "proprietary" functions, the court noted that municipalities exercise broad discretionary powers requiring a delicate balancing of competing considerations. The court further observed that "to review the reasonableness of the city's judgment on these matters would be an infringement upon the powers properly vested in a coordinate and co-equal branch of government". *Id.* at 648, 100 S.Ct. at 1414. Defendants then argue that plaintiff's inartful and imprecise pleading has failed to identify a

constitutionally objectionable policy and, even if it had, that we could not review the city's exercise of its discretionary judgment.

Defendants' argument fails for two reasons. First, they misconstrue *Owen.* That part of the opinion upon which they rely centers on the court's discussion of the reasons why many courts had granted municipalities qualified, good faith immunity from suit under Section 1983. The court concluded, however, with the observation that

> "a municipality has no 'discretion' to violate the federal constitution; ... when a court passes judgment on a municipality's conduct in a § 1983 action, it does not ... second guess the 'reasonableness' of the city's decision .... Rather, it looks to whether the municipality has conformed to the requirements of the Federal Constitution" 445 U.S. at 649, 100 S.Ct. at 1415.

Moreover, plaintiff will not be bound by his inartful pleadings and will be granted leave to amend his complaint, *see infra.*

■ The complaint, as it purports to hold defendant Danforth, a public defender, liable will be dismissed. The law in this Circuit is that such defendants are immune from a Section 1983 suit. *Brown v. Joseph,* 463 F.2d 1046 (3d Cir. 1972), *cert. denied,* 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). Other circuits have adopted a similar rule. *Housand v. Heiman,* 594 F.2d 923 (2nd Cir. 1979); *Miller v. Barilla,* 549 F.2d 648 (9th Cir. 1977); *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir. 1976); *Minns v. Paul,* 542 F.2d 899 (4th Cir. 1976). Nothing in *Ferri v. Ackerman,* 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979) which considered the "narrow issue", *id.* at 197, 100 S.Ct. at 406, of whether appointed counsel was immunized from suit for malpractice compels a different conclusion. Other courts have considered the Section 1983 immunity of public defenders after *Ferri* and agreed with this conclusion. *Hall v. Quillen,* 631 F.2d 1154 (4th Cir. 1980); *Brown v. Schiff,* 614 F.2d 237 (10th Cir.), *cert. denied,* 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed.2d 795 (1980); *Jackson v. Salon,* 614 F.2d 15 (1st Cir. 1980). As such,

we believe that *White v. Bloom,* 621 F.2d 276 (8th Cir. 1980) was incorrectly decided in that it held that *Ferri* abrogated a public defender's immunity from a Section 1983 claim.

■ Plaintiff's second cause of action as set forth in his first amended complaint asserts that defendants conspired *inter se* to deprive him of due process of law and the privileges secured by the Constitution, thereby violating Section 1985. Plaintiff does not allege, however, the applicable sub-section of Section 1985 under which he is proceeding. Reading the complaint broadly, as we must at this stage, we determine that plaintiff appears to be litigating this matter pursuant to sub-sections (2) and (3).

To the extent that he is proceeding under sub-section (2), the complaint fails because it does not allege any class-based animus. *Jones v. United States,* 536 F.2d 269, 271 (8th Cir. 1976), *cert. denied,* 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977); *Haefner v. County of Lancaster,* 520 F.Supp. 131 (E.D.Pa.1981).

Likewise, the claim purportedly presented under Section 1985(3) fails since:

> The language [of 1985(3)] requiring intent to deprive of *equal* protection, or *equal* privileges and immunities means that there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by law to all.
> (emphasis is original, footnotes omitted).

*Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Class-based discriminations, other than those based on race, are actionable under Section 1985(3); for example, class-based sexual discrimination may be redressed through use of Section 1985(3). *Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235 (3d Cir. 1978), *rev'd on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Hodgin v. Jefferson,* 447 F.Supp. 804 (D.Md.1978). Moreover, one court, in broadly defining

"class based discriminations" has even held that discrimination aimed at teachers for their association with CIA agents satisfies the class-based discrimination requirement of *Griffin.* *Selzer v. Berkowitz,* 459 F.Supp. 347 (E.D.N.Y.1978). However, most courts construe this requirement more narrowly. They have held, for example, that those who disagree with township policies do not present a valid class, *Harrison v. Brooks,* 519 F.2d 1358 (1st Cir. 1975), neither do property owners whose land is illegally crossed by industrial access driveways. *Rodgers v. Tolson,* 582 F.2d 315 (4th Cir. 1978). Continuing, *Kimble v. D. J. McDuffy, Inc.,* 445 F.Supp. 269 (E.D.La.1978), held that oil industry workers who had made prior claims for personal injuries were not a valid class; likewise, the Church of Scientology is not an appropriate class. *Church of Scientology of California v. Siegelman,* 475 F.Supp. 950 (S.D.N.Y.1979). Plaintiff's failure to allege that he is the target of a specifically identified class-based conspiracy would ordinarily require dismissal of claims presented under Section 1985. However, as we previously noted, plaintiff is unskilled in legal draftsmanship and amendments should be "freely granted". Fed.R.Civ.P. 15(c). *See also, Roesberg v. Johns-Manville,* 89 F.R.D. 63 (E.D.Pa.1981); *Carey v. Beans,* 500 F.Supp. 580 (E.D.Pa.1980), *aff'd,* 659 F.2d 1065 (3d Cir. 1981). Hence, plaintiff will be granted leave to amend his complaint.

The majority of defendants also assert various forms of immunity from suit under Section 1985. Judge Eckman is immune from suit unless he acted in clear absence of all jurisdiction. *Perez v. Borchers,* 567 F.2d 285 (5th Cir.), *cert. denied,* 439 U.S. 831, 99 S.Ct. 109, 58 L.Ed.2d 126 (1978); *Doe v. Sullivan,* 472 F.Supp. 975 (W.D.Tex.1979). Further, District Attorney Buckwalter and Solicitor Crosswell, whose participation in the alleged conspiracy was analogous to acting as a prosecutor, are immune from suit. *Waits v. McGowan,* 516 F.2d 203 (3d Cir. 1975); *Kauffman v. Moss,* 420 F.2d 1270 (3d Cir. 1970); *Raitport v. Provident National Bank,* 451 F.Supp. 522 (E.D.Pa.1978); *Martin Hodas, East Coast Cinematics v. Lind-*say, 431 F.Supp. 637 (S.D.N.Y.1977). Additionally, Danforth, the public defender who apparently represented plaintiff in connection with a Lancaster County criminal trial, is also shielded from Section 1985 liability as long as his acts are within the scope of his role as a public defender. *Waits v. McGowan,* 516 F.2d at 205; *Brown v. Joseph,* 463 F.2d 1046, 1048–49 (3d Cir. 1972).

Finally, with regard to defendants Ober and Tompkins, the complaint is infirm as to them since it fails to properly plead a Section 1985 action.

Accordingly, plaintiff will be granted leave to amend his complaint as to defendants Eckman, Danforth, Ober and Tompkins and properly allege a violation of Section 1985. In doing so, plaintiff should include *appropriate* allegation of class-based discrimination to which defendants' asserted conspiracy has subjected him. Plaintiff must also state *when* defendants engaged in *specific* conduct which deprived him of *identifiable* rights. Moreover, plaintiff must specifically plead facts rather than aver conclusions of law. *Skrocki v. Caltabiano,* 511 F.Supp. 651 (E.D.Pa.1981); *Boddorff v. Publicker Industries, Inc.,* 488 F.Supp. 1107 (E.D.Pa.1980). Failure to do so within fifteen days of the date of the accompanying order shall, upon motions, result in dismissal of these claims.

Finally, in seeking to properly amend his complaint, plaintiff should consider that at least one court has held that enforcement of a valid zoning ordinance cannot give rise to either Section 1983 or 1985 liability. Likewise, the mere fact that the ordinance is enforced as to some townspeople but not to others, does not create liability. *See Martin v. King,* 417 F.2d 458, 462 (10th Cir. 1969).