10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hak CHEA, Plaintiff-Appellant,
v.
Gary SPARKS, New Mexico State Policeman; Robert Perkins,
New Mexico State Policeman; Julia Knowles, Federal Bureau
Investigator; H. Douglas Beldon, Federal Bureau
Investigator; Donald Chino; David D. Longley, Defendants-Appellees.
 No. 93-2177.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 19, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Hak Chea appeals the district court's dismissal of his 42 U.S.C.1983 action against New Mexico state and federal law enforcement officials and a state public defender. He alleges (1) his suit was improperly dismissed as time-barred; (2) the dismissal denied him access to the courts; and (3) that the state of New Mexico lacked jurisdiction because he was an alien arrested on Indian land.
 
 
 3
 Plaintiff's claims arose out of an incident in which he was arrested and ultimately convicted of criminal charges in the shooting of Police Officer Donald Chino. He asserted that Chino, New Mexico State Police Officers Gary Sparks and Robert Perkins, and FBI Agents Julia Knowles and H. Douglas Beldon violated his federal constitutional rights by false arrest, refusal of medical attention, omissions of exculpatory evidence and falsification of documents. He alleged these acts and omissions occurred during the period between his arrest on July 27, 1988, and his indictment August 8, 1988.
 
 
 4
 The district court dismissed plaintiff's suit, filed on January 29, 1993, as time-barred under the applicable New Mexico three-year statute of limitations period for personal injury actions. The district court properly dismissed all counts (except the allegations against defendant David D. Longley) as time-barred. See Wilson v. Garcia, 471 U.S. 261, 275-76 (1985) (1983 claims are personal injury claims for purposes of statute of limitations); N.M. Stat. Ann. 37-1-8 (1990) (actions for injury to person must be brought within three years).
 
 
 5
 We also agree that the claim against Longley, the public defender who represented plaintiff at his criminal trial, was properly dismissed. The district court found it lacked jurisdiction under 1983 because plaintiff could not show Longley deprived him of a federal right, see Brown v. Schiff, 614 F.2d 237, 239 (10th Cir.) (claims of legal malpractice by a former defendant in a criminal case do not constitute a constitutional violation), cert. denied, 446 U.S. 941 (1980), or that Longley acted "under color of state law." Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("public defender does not act under color of state law" in representing defendant in criminal proceeding).
 
 
 6
 We have reviewed the briefs and the record and are satisfied that the district court accurately summarized the facts and correctly applied the law. Because all of the counts of plaintiff's complaint were properly dismissed as either time-barred or for lack of jurisdiction, we do not discuss the remaining issues plaintiff raises in his brief. The district court correctly stated that if plaintiff wishes to attack the constitutionality of his confinement, he must raise his challenge in a habeas corpus proceeding under 28 U.S.C. 2254. See Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir.1991) (habeas corpus is appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement). We note, however, that plaintiff's first amended complaint stated that none of the issues raised in his petition were issues in his direct appeal. I R. tab 5 at 6. He must exhaust state remedies, through application for postconviction relief in the state system before he can secure federal review of any habeas claims he may have. Coleman v. Thompson, 111 S.Ct. 2546, 2553-55 (1991).
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3