13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cary James GAGAN, Plaintiff-Appellant,
v.
John P. LEOPOLD, in his individual capacity as a District
Court Judge for the Eighteenth Judicial District, E. Scott
Baroway and Mark A. Thomas, of the law firm of Baroway,
Porter, and Thomas, private attorneys being sued
individually and as co-conspirators, Defendants-Appellees.
 No. 93-1269.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 16, 1993.
 
 ORDER AND JUDGMENT*
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 SETH
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Cary James Gagan filed a pro se complaint against Appellees, the Honorable John P. Leopold, E. Scott Baroway and Mark Thomas, alleging violations of 42 U.S.C.1983 and various state laws. Judge Leopold presided over Appellant's state criminal trial in which he was convicted. Both Mr.Baroway and Mr.Thomas were private defense lawyers appointed by the court to represent Appellant on direct appeal to the state appellate court. In its well-reasoned opinion, the United States District Court for the District of Colorado dismissed Appellant's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over his state claims. On appeal, Appellant raises all of the same claims that he asserted before the district court. We affirm.
 
 
 3
 Because a recitation of the facts underlying this case as alleged by Appellant would not assist in the clarity of this opinion, we defer to the detailed narration of the facts set forth below by the district court. Pertinent to our discussion is the district court's correct observation that Appellant's allegations of misconduct merely evidence dissatisfaction with how he was treated as a person and how he was adjudicated as a defendant. However, these claims do not rise to the level of unconstitutional behavior by the Appellees that is actionable pursuant to 1983. Specifically the court found that:
 
 
 4
 "Despite Mr. Gagan's unhappiness with the actions of Messrs. Baroway and Thomas, he has alleged no facts indicating that their actions were beyond the scope of their role as defense counsel. Public defenders, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a 1983 action. Polk County v. Dodson, 454 U.S. 312 (1981). See also Brown v. Schiff, 614 F.2d 237, 238 (10th Cir.1980), cert. denied, 446 U.S. 941 (1980). In addition, any conflict between Mr. Gagan and Messrs. Baroway and Thomas that may have occurred after the court-appointed attorneys no longer were representing Mr. Gagan on appeal is not cognizable under 1983. See Adickes v. S. H. Kress & Co., 398 U.S. [144,] at 150 [1970].
 
 
 5
 "Neither has Mr. Gagan alleged any facts indicating that Judge Leopold acted beyond the scope of his role as a judicial officer. Judge Leopold is immune from civil liability when acting in his judicial capacity. See Mireles v. Waco, 112 S.Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir.1990), cert. denied, 111 S.Ct. 559 (1990); Van Sickle v. Holloway, 791 F.2d 1431, 1435-36 (10th Cir.1986)."
 
 
 6
 Gagan v. Leopold, No. 93-F-1333, Order of Dismissal at 8-9 (D.Colo.). The district court also determined that Appellant had failed to allege any facts in support of the claim that the Appellee attorneys conspired with Judge Leopold thereby converting their otherwise protected conduct to state action which may be actionable under 1983.
 
 
 7
 After carefully reviewing the record on appeal, we concur with the district court's presentation of the facts, legal conclusions and disposition of this case. Therefore, the decision of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3