69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Teddy Wayne FOWLER, Plaintiff-Appellant,
v.
Ron WALLACE, and Tulsa County Public Defenders Office, Staff
of Public Defenders Office, Defendants-Appellees.
 No. 95-5062.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Teddy Wayne Fowler, an inmate at the Tulsa County Jail, appeals pro se the decision of the district court dismissing his 42 U.S.C.1983 complaint. We affirm.
 
 
 3
 Mr. Fowler brought this civil rights action against Ron Wallace, a public defender who was appointed to represent Mr. Fowler in a criminal proceeding. He alleged that Mr. Wallace did not represent him adequately in that Mr. Wallace failed to contact him personally or reply to his numerous telephone calls and letters. Mr. Fowler sought $75,000 in actual damages and $150,000 in punitive damages. The district court sua sponte dismissed the action as frivolous and Mr. Fowler appeals.
 
 
 4
 To establish a 42 U.S.C.1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution by a person acting under color of state law. Paratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); see United States v. Classic, 313 U.S. 299, 325-26 (1941). In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Brown v. Schiff, 614 F.2d 237, 238 (10th Cir.1980), cert. denied, 446 U.S. 941 (1980); see also Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264, 266 (10th Cir.1994). Here, as in Polk County, Mr. Fowler's section 1983 action against his public defender is based on the attorney's traditional functions as counsel. Accordingly, Mr. Fowler does not state a claim under section 1983.[2]
 
 
 5
 The judgment of dismissal is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Fowler alleges that defendant provided ineffective assistance of counsel in violation of Mr. Fowler's Sixth Amendment right to counsel. However, Mr. Fowler does not ask for habeas relief, and in any event, he has not sued the proper party against whom a habeas writ could be granted. See Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir.1991) (stating habeas corpus is appropriate remedy for prisoners attacking the validity of the fact or length of their confinement); see also Chapman v. Musich, 726 F.2d 405, 408 n. 18 (8th Cir.), cert. denied, 469 U.S. 931 (1984)