UNITED STATES COURT OF APPEALS

**Filed 6/11/96**

FOR THE TENTH CIRCUIT

JORGE M. HERRERA,

     Plaintiff-Appellant,

v.

JACK COWLEY; LARRY FIELDS;
MARY LIVERS; LOUIS BULLOCK; R.
MICHAEL CODY,

     Defendants-Appellees.

No. 95-6308
(D.C. No. CIV-94-1829-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Jorge Mario Herrera appeals the district court's grant of summary judgment in favor of prison officials on his civil rights complaint, and its dismissal of his action against counsel for the class of Oklahoma prisoners in Battle v. Anderson, No. 72-95-C (E.D. Okla.). Because plaintiff's evidence does not raise a factual dispute regarding his exercise of a constitutional right for which defendants retaliated or show that class counsel violated plaintiff's constitutional rights under color of state law, we affirm.

Plaintiff is a prisoner in the custody of the Oklahoma Department of Corrections. In the early 1990's plaintiff was incarcerated at the Lexington Correctional Center (LCC), where he worked as a research assistant in the law library. As a research assistant, plaintiff assisted non-English speaking Hispanics with their legal matters. In March 1993, plaintiff helped organize the Translation and Interpretation Program (TIP), to assist in interpreting inmate orientation materials, prison policy manuals, and forms, into Spanish. Plaintiff worked with this program until September 1993, when he was transferred to the Oklahoma State Reformatory (OSR). The reasons given for plaintiff's transfer were that he was using the TIP computers for unauthorized legal work and correspondence, that someone had used the computers to store extortion and gambling information, and that plaintiff had been linked with this illegal activity. R. I, doc. 17, attachment H; Martinez Report, attachments G, J.

2

In the spring of 1994, the translation program was reinstated at OSR, and plaintiff was assigned to assist in translation of prison policy and procedure manuals. Plaintiff was administratively transferred to the Dick Conner Correctional Center (DCCC) in August 1994. The translation program continued to function at OSR after plaintiff's transfer, assisted by the former co-founder of the TIP and two other bilingual law clerks.

In November 1994, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that he had been denied due process by being transferred in retaliation for assisting non-English speaking Hispanic inmates to learn their constitutional rights, for raising the violation of such inmates' rights to prison officials, and for assisting them in litigation. Plaintiff alleged that his transfer infringed on both his and the non-English speaking Hispanic inmates' access to the courts. Plaintiff also alleged that counsel for the Oklahoma inmates in Battle v. Anderson violated his constitutional rights by not seeking enforcement of certain orders in that case. The district court adopted the magistrate judge's recommendation, granting summary judgment in favor of the prison officials on all claims, and dismissing the action against class counsel. This appeal followed.

We review a grant of summary judgment de novo. Durham v. Xerox Corp., 18 F.3d 836, 838 (10th Cir.), cert. denied, 115 S. Ct. 80 (1994). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We also review de novo the dismissal

3

of a complaint for failure to state a claim. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995).

A prisoner has no liberty interest in being incarcerated in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 248 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976). A prisoner may not be transferred, however, in retaliation for exercising constitutionally protected rights. See Frazier v. Dubois, 922 F.2d 560, 561-62 (10th Cir. 1990); Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990).

Here, plaintiff has not shown that prison officials retaliated against him for advocating the rights of non-English speaking Hispanic inmates or for participating in the TIP. In contrast, the evidence shows that LCCC prison officials responded to plaintiff's advocacy by implementing the TIP and assigning him to work as a translator. See R. I, doc. 17, attachment H; Martinez Report, attachments C, D, E, J. It is significant that even after plaintiff's transfer to OSR, the Inmate Handbook upon which he had worked was completed. R. I, doc. 17, attachments C, C-1, C-2. Thereafter, the translation program was reinstated at OSR, and plaintiff was again assigned to work as a translator, along with TIP co-founder Victor Chevere. See Martinez Report, attachments L, M. Even after plaintiff's transfer from OSR, the translation program continued to receive support from prison officials. Id., attachments M, N, O.

Plaintiff also did not present evidence from which a reasonable jury could infer that he was transferred in retaliation for filing a grievance on behalf of the Hispanic Club, other

4

than the fact that the grievance was filed the same day that his transfer was approved. While "close temporal proximity" can support an inference of retaliation, Smith, 899 F.2d at 948-49, there is no evidence that any of the other circumstances identified in Smith occurred here, or that the subject of plaintiff's grievance participated in the transfer decision.

In addition, plaintiff has not shown that he was transferred in retaliation for his legal assistance to non-English speaking inmates. A plaintiff does "not have a protected interest in providing legal representation to other inmates." Smith, 899 F.2d at 950 (holding that a prisoner could not assert a retaliation claim based on his "jailhouse lawyering" for other inmates). Further, plaintiff's transfers occurred several years after he began providing such legal assistance, negating any inference of retaliation.

Plaintiff also has not shown a violation of either his right of access to the courts or that of non-English speaking Hispanic inmates. Plaintiff's bare allegation that his transfer caused the dismissal of his lawsuit, without showing why he could not prosecute the suit from his new location, does not establish a constitutional violation. The fact that the non-English speaking inmates were deprived of plaintiff's assistance does not demonstrate that they "were deprived of access to the courts or unduly hindered in the pursuit of their own legal remedies. . . . Prison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." Id. As the record shows that the prison assigned other bilingual clerks to the law library, there is no showing that the inmates were deprived of court access.

5

Finally, plaintiff has not shown how the attorney representing the class of Oklahoma inmates in <u>Battle v. Anderson</u> deprived him of his constitutional rights or that the attorney is a state actor. Mere malpractice claims are not cognizable under § 1983. <u>Brown v. Schiff</u>, 614 F.2d 237, 239 (10th Cir.), <u>cert. denied</u>, 446 U.S. 941 (1980). Further, an attorney appointed to represent a prisoner does not become a state actor merely because he is retained by the government. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-25 (1981). Therefore, the complaint against class counsel was properly dismissed.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge