UNITED STATES COURT OF APPEALS

**Filed 8/7/96**

TENTH CIRCUIT

DONALD L. PETERSON,

    Plaintiff-Appellant,

v.

DOUGLAS D. BARNES, DAVID F. VELA, State Public Defender,

    Defendants-Appellees.

No. 96-1087
(D.C. No. 96-S-301)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald Peterson, a pro se inmate, brought this 42 U.S.C. § 1983 action for damages against two state public defenders, alleging violation of his constitutional rights.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d).

In his complaint, Peterson alleged Douglas Barnes, his court-appointed state public defender, refused to seek correction or modification of the record on appeal and refused to seek remand for evidentiary hearing on the issue of ineffective assistance of counsel and the authority of the district attorney to prosecute offenses alleged to have been committed out of the judicial district in which Peterson was charged. Peterson also enumerated several matters concerning his criminal trial that his counsel refused to address. Peterson alleged David Vela was responsible for Barnes' shortcomings because he was Barnes' supervisor and was responsible for hiring and training deputy public defenders.

In dismissing the action, the district court found Peterson could not maintain a civil rights action for damages against state public defenders. See Polk County v. Dodson, 454 U.S. 312 (1981); Brown v. Schiff, 614 F.2d 237, 238 (10th Cir.), cert. denied 446 U.S. 941 (1980). The court found Peterson failed to assert any facts in support of his jurisdictional assertions under 42 U.S.C. § 1985(2), failed to state a claim under 42 U.S.C. § 1985(3), see Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993), cert. denied 114 S. Ct. 925 (1994), and failed to adequately allege conspiracy under 42 U.S.C. § 1985, see Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983). The court also found Peterson could not invoke jurisdiction of the court under 42 U.S.C. § 1988. See Turman v. Tuttle, 711 F.2d 148 (10th Cir. 1983). The court stated § 1915(d) is intended to discourage the filing of frivolous, malicious, or repetitive lawsuits. See Neitzke v. Williams, 490 U.S. 319, 324 (1989).

On appeal, Peterson contends the dismissal of his action was an abuse of discretion

2

and the result of bias and disability on the part of the district judge. He argues the district court did not use the correct standard for the "color of law" requirement. He further asserts his appellate counsel should have withdrawn because of conflict of interest and excessive caseload.

We have carefully examined Peterson's appellate brief, all of the pleadings, and the entire record on appeal. We find no evidence of bias on the part of the district court. The rulings made by the district court on the issues presented are dictated by well-settled law. The district court did not abuse its discretion in dismissing this action, and we affirm for substantially the same reasons stated by the district court.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3