INTERNATIONAL TYPOGRAPHICAL UNION,
AFL–CIO, ET AL. *v.* NATIONAL LABOR
RELATIONS BOARD.

No. 340. Argued March 1, 1961.—Decided April 17, 1961.

*Gerhard P. Van Arkel* argued the cause for petitioners. With him on the briefs were *Henry Kaiser* and *David I. Shapiro.*

*Dominick L. Manoli* argued the cause for respondent. With him on the briefs were former *Solicitor General*

*Rankin, Solicitor General Cox, Stuart Rothman* and *Norton J. Come.*

*Elisha Hanson, Arthur B. Hanson* and *Emmett E. Tucker, Jr.* filed a brief for the Worcester Telegram Publishing Co., Inc., as *amicus curiae,* urging affirmance.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case involves a controversy that started in 1956 between petitioner Local 165 and the Worcester Telegram and between petitioner Local 38 and the Haverhill Gazette. The two unions insisted that the collective bargaining agreements that were being negotiated contain clauses or provisions to which each employer objected. The controversy as it reaches here is reduced to two clauses: *first,* that the hiring for the composing room be in the hands of the foreman; that he must be a member of the union; but that the union "shall not discipline the foreman for carrying out written instructions of the publisher or his representatives authorized by this Agreement"; and *second,* that the General Laws of the International Typographical Union shall govern the relations between the parties if they are "not in conflict with state or federal law." The unions' demand that these clauses be included in the agreement led to a deadlock in the negotiations which in turn resulted in a strike.

The employers filed charges with the Board, complaints were issued, the cases consolidated, and hearings held. The Board concluded that the demands for the two clauses and the strikes supporting them were violations of the Act. It found that a demand for a contract that included those clauses was a refusal to bargain collectively within the meaning of § 8 (b)(3) of the National Labor Relations Act, as amended by the Taft-Hartley Act, 61 Stat. 136, 140–141, 29 U. S. C. § 158 (b)(3).

It found that striking to force acceptance of those clauses was an attempt to make the employers discriminate in favor of union members contrary to the command of § 8 (b)(2) of the Act. It also found that striking for the "foreman clause" was restraining and coercing the employers in the selection of their representatives for the adjustment of grievances in violation of § 8 (b)(1)(B) of the Act. 123 N. L. R. B. 806. The Court of Appeals enforced the Board's order apart from features not material here. 278 F. 2d 6. The case is here on certiorari, 364 U. S. 878.

What we have said in *Labor Board* v. *News Syndicate Co.,* decided this day, *ante,* p. 695, is dispositive of the clause which incorporates the General Laws of the parent union "not in conflict with state or federal law." On that phase of the case the judgment below must be reversed.

Mr. Justice Clark and Mr. Justice Whittaker dissent, substantially for the reasons stated by the Court of Appeals, 278 F. 2d 6.

We turn then to the controversy over the "foreman clause." As to whether the strike to obtain the "foreman clause" was permissible, the Court is equally divided. Accordingly the judgment on that phase of the controversy is affirmed.

*Reversed in part and affirmed in part.*

Mr. Justice Frankfurter took no part in the consideration or decision of this case.

Mr. Justice Harlan, whom Mr. Justice Stewart joins, concurring.

I join the Court's opinion upon the basis set forth in my concurring opinions in No. 339, *ante,* p. 703, and in Nos. 64 and 85, *ante,* p. 677.