**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**SCOTT ALAN CLARK, FRED J. KUECKER and
ANTHONY BROWNSKY, Defendants**

Criminal Nos. F157/1991, F158/1991 and F159/1991

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 2, 1991

SMOCK, *Judge*

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to suppress certain evidence which was obtained as a result of an alleged illegal search. The defendants are charged with violations of 19 V.I.C. 607(a)(1), possession of a controlled substance, and 19 V.I.C. 604(a)(1), knowingly and intentionally "manufacturing" a controlled substance by cultivating marijuana.

The bases for the motion to suppress evidence are that (1) defendants did not consent to a search of their apartment; (2) Henry

McGuire, caretaker of the building, Magnum Security Guards and the hotel owners did not obtain a search warrant, thereby conducting a warrantless search; (3) the search was not incident to a lawful arrest; (4) there was no probable cause to arrest; and (5) the arrival of the Virgin Islands policeman who then seized the marijuana plants and arrested the defendants gave rise to the concept of state action.

A brief restatement of the order of the facts is necessary in order to place the defendants' arguments in a proper perspective. All tenants of Ramada Inn Hotel apartment units, including the defendants, were given notice that their apartments were going to be sprayed and fumigated beginning June 3, 1991. The notice further stated that Henry McGuire, caretaker of the buildings, would be conducting room maintenance inspections for all rooms with special note to be taken of the bathroom areas. When the exterminator arrived in defendants' room he saw in plain view four potted marijuana plants and one or more growing lamps. He informed Ramada management, who dispatched two security guards along with McGuire to the unit. The defendant, Fred J. Kuecker ("Kuecker"), was in the apartment at the time the guards arrived. Following interrogation, the guards then arrested him, seized the plants, and returned to Ramada's office. Kuecker was held there until police officers were summoned. Within an hour the other two defendants, Scott Alan Clark ("Clark") and Anthony Brownsky ("Brownsky"), arrived and were also arrested. The three were then taken to the police station.

For purposes of this motion, the defendants at this time have raised no issues with reference to ownership of the marijuana plants nor their residency in the apartment unit. The thrust of their arguments is that their rights found in the Fourth Amendment against illegal searches and seizures were denied when the marijuana plants were taken, thereby rendering the evidence inadmissible in a court of law.

The court first has to decide whether or not the entry of the exterminator and the caretaker into defendants' apartment constituted a search, and if the removal of the marijuana plants from their room is a seizure within the meaning of the Fourth Amendment of the United States Constitution. The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures

4

shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Constitution of the United States of America, Revised and Annotated (1983). One of the most forceful expressions was that of William Pitt in Parliament in 1763: "The poorest man may in his cottage bid defiance to all the force of the crown. It may be frail—its roof may shake—the wind may blow through it—the storm may enter, the rain may enter—but the King of England cannot enter." 5 Coke's Repts. 91(A). Whether there was a search and seizure within the meaning of the Fourth Amendment will turn upon a consideration of an individual's interest and whether it was officially abused.

██ The current test is whether there is an expectation of privacy upon which an individual may justifiably rely. Defendants did hold an interest in the apartment unit and that gave them an expectation of privacy. However, what a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. Katz v. United States, 389 U.S. 347, 353 (1967). That is, the capacity to claim the protection of the Amendment depends not upon a property right in the invaded place but upon whether the area was one in which there was reasonable expectation of freedom from governmental intrusion. Mancusi v. DeForte, 392 U.S. 364, 368 (1968).

█ Defendants assert that the type of search conducted on their apartment is prohibited by the Fourth Amendment. They argue that, since the security guards are licensed by the Government of the Virgin Islands, their actions should be imputed to the Government; i.e., state action. The Fourth Amendment, however, erects no shield against merely private conduct, however discriminatory or wrongful.[1] Individual invasion of individual rights is not the subject matter of the Amendment. In this case, the Virgin Islands Police Department only got involved after the marijuana plants were seized and after the search of the apartment. Justice Frankfurter wrote in United States v. Raines, 362 U.S. 17 (1960), ". . . that some-

---

[1] The actions of Henry McGuire clearly do not give rise to any Fourth Amendment Claims.

where, somehow, to some extent, there must be an infusion of conduct by officials, panoplied with State power, into any scheme to deny protected rights." There is some point at which a court may find that certain private action is no longer significantly related to the actions of a state or territory.

Defendants' motion is filled with an artillery of cases that do not support or enhance their claim of state action.[2] These cases do, however, explain where state action can be found. Defendants further cite examples of cases where merchant intervention was made actionable under 42 U.S.C.A. 1983. In Thompson v. McCoy, 425 F.Supp. 407 (1978), a customer who alleged that he had been accosted, falsely accused, arrested and assaulted by a store security guard brought suit against the guard and the store owner under the civil rights Act of 1871 and "under color of state law:" 42 U.S.C.A. 1983. The statutory grant of power in this case is closely related to that which was found to constitute state action. The South Carolina Code Ann. Sec. 56 - 646.13 granted to the licensed security guards the authority and power which sheriffs of the state had to make arrests of any persons violating any of the criminal statutes of that state. That court reasoned that their statute closely resembled a Pennsylvania's Professional Thieves Act ". . . which

---

[2] For example, in Burton v. Wilmington Parking Authority, 365 U.S. 706 (1961), state action was found where a state leased public property that refused to serve Afro-Americans. Lugar v. Edmondson, 102 S.Ct. 2744 (1982), state action was found where the county sheriff pursuant to state law aided in disposing petitioners' property. Elkins v. U.S., 80 S.Ct. 1437 (1960) gave rise to the "silver platter" doctrine, in which the Supreme Court rejected the idea that would freely admit evidence seized by state agents in a federal criminal trial. In Terry v. Adams, 73 S.Ct. 809 (1953), state action was found because a political party run by the city followed the state laws regulating its primaries and had an active state official's involvement. Thompson v. McCoy, 425 F. Supp. 407 (1978), although having closely related facts to this matter, the court found state action where the security guard, pursuant to South Carolina's Private Detective Security Agency's Act, was granted authority and power to arrest. In Burdeau v. McDowell, 256 U.S. 465 (1921), the court refused to find state action where papers belonging to petitioner landed in the Grand Jury's hands after they were unlawfully seized and stolen from petitioner by certain persons. The court reasoned that since there was no unlawful act on the part of anybody representing the United States, no violation of the Fourth or Fifth Amendments could be established. Leroy Gipson v. Supermarket General Corp., 564 F. Supp. 50 (1983), the court cited Flagg Brothers, 436 U.S. 149 (1978) where the court held that, once there is an absence of overt official involvement, no state action can be found.

authorized company security officers to make valid legal arrests of persons on the premises for an unlawful purpose." DeCarlo v. Joseph Horne & Co., 251 F.Supp. 935, 936–937 (D.C. 1966). State action was found in both of the above cases.

Defendants further assert that the Government accepts responsibility of all actions done by the security guards through the regulatory language found in 23 V.I.C. 1301. The court disagrees. Flagg Brothers, supra, reasoned that when the state by its laws has compelled a private party to perform an act then it will be responsible as if it had committed the act itself. Nowhere in Title 23 does the Government of the Virgin Islands through its Police Commissioner grant a security guard the power to search, seize or arrest. In Thompson, supra at 409, the court found state action where security guards within the state were granted power to arrest. Our Virgin Islands statute focuses only on licensing and general regulations and does not provide for any additional power to arrest. In order to determine whether the actions taken by the defendants were under color of state law with regards to 42 U.S.C. 1983, the court must look to the source of the power or authority which was supposedly abused and find if such power or authority existed by virtue of a grant from the state. Thompson, supra at 409. The defendants allege an abuse of the security guard's power to arrest. Since the Virgin Islands Government did not authorize Magnum Security power to arrest anyone, or search and seize any property, there can be no finding of an abuse of power.

■ Defendants further argue that state action exists due to the fact that the owner of Magnum Security, Troy Buncome, is also an officer of the Police Auxiliary with the Virgin Islands Police Department. They go so far as to call Magnum Security an instrumentality of the Virgin Islands Police Department." (Defendant's Memorandum in Support of Suppression, p. 18). To support this theory they cite Henderson v. Fisher, 631 F.2d 1115 (3d. Cir. 1980). There the court found that a campus police unit did qualify as an instrumentality of the state because, by authority, some of the state's police power was delegated to it. Clearly, these facts are not analogous to the present facts because the Virgin Islands Government never delegated any of its police power to Magnum Security. In Dodson v. Polk County, 483 F.Supp. 347 (1979), the court reached its decision through dicta by reference to many Eighth Circuit decisions including United States v. Classic, 313 U.S. 299 (1941), which

affirms that "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law, is action taken 'under color of' state law." 313 U.S. at 326. The wrongdoer, Magnum Security, was not clothed with any such authority. The Government of the Virgin Islands' action in enacting Title 23 was purely administrative and therefore any use of this statute to conduct business by the security guard throughout the Virgin Islands cannot categorically constitute involvement by the Government. In the absence of overt official involvement, no state action can be found. Burdeau v. McDowell, 256 U.S. 465 (1921).

The court finds no evidence of state action or a state employee acting under color of state law. The court being satisfied in the premises, it is

ORDERED that defendants' motion to suppress evidence is hereby DENIED; and it is further

ORDERED that these matters are hereby scheduled for a final hearing for Thursday, December 19, 1991 at 3:15 p.m. in Courtroom III, Barbel Plaza; and it is further

ORDERED that copies of this memorandum and order shall be served personally upon the defendants, Scott Alan Clark, Fred J. Kuecker, and Anthony Brownsky, and copies thereof shall be directed to the Litigation Division, Office of the V.I. Department of Justice, Brenda C. Scales, Esq., Territorial Public Defender, Ronald T. Mitchell, Esq., and George Marshall Miller, Esq.